UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| LATISHA LEAKS and BENJAMIN LEAKS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. CV414-106 |
| TARGET CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## O R D E R

Discovery has ground to a halt in this slip and fall case. In the first of two discovery disputes, plaintiffs requested Target Corporation's ("Target's") policies and procedures for preventing falls, as well as any safety instructions it provides to its employees. (Doc. 14 at 1; doc. 18 at 1-2.) Target responded that it would produce certain evidence relevant to the requests so long as plaintiffs would agree to keep it confidential and return or destroy the evidence once the case is over. (Doc. 14 at 1; doc. 18 at 2.) Target sent a proposed confidentiality order, but plaintiffs were unhappy with its wording. It refused to accept plaintiff's proposed changes. (Doc. 14 at 2; doc. 18 at 2.) Finding themselves at an impasse,

plaintiffs moved to compel production of those materials. (Doc. 14.) Target opposes the motion and seeks a protective order. (Doc. 18.)

Target agrees to produce "documents reflecting store policies and procedures that were in effect on the date of the accident and which pertain to slip, trip, and fall prevention and response, as well as a safety training film that Target developed for its employees that includes, among other information, instructions for slip, trip, and fall prevention. Target merely wishes to keep those proprietary documents confidential because Target is in a competitive marketplace in which retailers expend time and money to develop training materials."[1] (*Id.* at 2.) For "Target to publicly disclose those proprietary materials would be to force Target to do its competitors' work for them: other retailers could freely access and use Target's materials without having to incur the expenses that Target did in researching, writing, updating, maintaining, distributing, and safeguarding them." (*Id.*) Target thus asks the Court to deny plaintiffs' motion to compel, absent a promise by plaintiffs that they will return or destroy the evidence after litigation ends. (*Id.* at 3, 5 (explicitly

---

[1] In Target's discovery responses, it stated that it would produce, pursuant to a protective order, written store policy and procedures, copies of the Guest Incident Report, LOD Investigation Report, Team Member Witness Statement, a Safety Training DVD, and various Team Member training documents. (Doc. 14 at 6-7.)

invoking Fed. R. Civ. P. 26(c)'s "good cause" requirement).)

Target also insists that it should not be forced to produce all of its safety procedures and policies without limitation to time or scope. (*Id.* at 4-5.) Plaintiffs argue that older policies are relevant because they may show changes that made Target less safe. (Doc. 21 at 4.) They offer, however, to limit the request "to the ten years before the incident at issue." (*Id.*) The Court agrees with Target on this point. Plaintiffs' motion to compel production as to those documents is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 14.) Target is only required to produce the safety policies applicable for the three years preceding the incident.

As for Target's "proprietary materials" objection,[2] the Court preliminarily notes that pretrial discovery "is not generally considered to be public information. . . ." *Emess Capital, LLC v. Rothstein*, 841 F.

---

[2] There exists "no absolute privilege for trade secrets and similar confidential material." *Fed. Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362 (1979); *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981); *Natta v. Zletz*, 405 F.2d 99, 101 (7th Cir. 1968). A party, therefore, cannot resist discovery on the ground of "trade secrets." Rather, "the means by which protection from discovery of trade secrets is to be obtained is by motion under [Fed. R. Civ. P.] 26(c)." *Flint Hills Scientific, LLC v. Davidchack*, 2001 WL 1718276 at *10 (D. Kan. Nov.14, 2001). Rule 26(c)(1)(G) authorizes, upon a showing of good cause, a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

Supp. 2d 1251 at 1254 (S.D. Fla. 2012). Merely handing information over to plaintiffs' counsel absent a confidentiality order does not equate to public disclosure of that information. Nevertheless, filings and proceedings in the federal courts are presumptively open to public scrutiny. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). "[P]arties generally cannot keep from public view discovery materials filed with the court in connection with *dispositive* motions." *Emess Capital, LLC*, 841 F. Supp. 2d at 1254 (emphasis in original), *citing Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1998), *and Leucadia Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir.1993). A district court may, in its discretion, shield such materials from public disclosure upon a showing of good cause. Fed. R. Civ. P. 26(c). Target has not shown good cause.

Courts have repeatedly ruled that "slip and fall" training videos and standard operating procedures are not entitled to any special protection. *See, e.g., Mitchell v. Home Depot U.S.A.*, 2012 WL 2192279 at *4-5 (W.D. Ky. June 14, 2012) (Home Depot's standard operating procedures, even though labeled confidential and developed through significant time and effort, are not the kind of documents entitled to

Rule 26(c) protection); *Estridge v. Target Corp.*, 2012 WL 527051 at *7 (S.D. Fla. Feb. 16, 2012) (in a similar slip and fall case, the court held that Target's safety training manuals and operating procedures for maintenance and inspection of walkways were not the types of documents "that ordinarily contain trade secrets or other confidential business information," thus Target failed to show good cause warranting the issuance of a protective order); *Gritt v. Target Corp.*, 2007 WL 3011095 at *3-4 (M.D. Fla. Oct. 12, 2007) (same). These are not the sort of technical reference tools through which Target manages its core business. Instead, they are simple instructions for lower level employees to follow whenever a predictable accident occurs. The Court cannot conceive of any way the production of these materials would undermine any competitive advantage Target enjoys by keeping these documents confidential. Hence, the Court **GRANTS** plaintiffs' motion to compel production of those materials (doc. 14) and **DENIES** Target's motion for a protective order (doc. 18). The Court trusts, however, that plaintiffs will not expose this information except as necessary to prove her case in court.

    Target has filed a separate motion for a protective order as to

plaintiffs' second requests for production. (Doc. 15.) It takes issue with three specific requests:

> Please produce all operator's and owner's manuals for the video surveillance system employed at the Target store in which Plaintiff LaTisha Leaks fell on the date of her fall[,] including the operator or owner's manuals for the types of cameras utilized in the system, all recorders, and all sequential switchers.

\* \* \*

> Please produce all Target policies and/or protocols regarding operation of the video surveillance system in use in the Target store in which Plaintiff LaTisha Leaks fell that were in effect on the date of her fall, including policies or protocols for each type of camera, all recorders and all sequential switchers that are part of the system.

\* \* \*

> Please produce all diagrams, blueprints, schematics and/or other documents which show the design of the video surveillance system for the Target store in which Plaintiff LaTisha Leaks fell as it existed on the date of the fall.

(Doc. 15-1 at 2-3.) Target represents that it has provided all of the video evidence it has in its possession, but assuming that it ever recorded the actual incident, that portion of the video has since been overwritten. The system is designed to "write over" previously recorded footage absent operator action. (Doc. 22 at 1-2.) Target has provided an affidavit from the manager of the Target location supporting their assertion. (Doc. 22-1

6

at 2-6.)

Plaintiffs are skeptical, and thus seek to dig deeper into the matter by obtaining as much information about the video surveillance system as is possible. (Doc. 24.) Absent something more than plaintiffs' mere suspicions that Target is lying, the Court is not prepared to order Target to hand over its entire loss-prevention schema at the location in question. Accordingly, Target's motion for a protective order as to plaintiffs' second requests for production (doc. 15) is **GRANTED**.

**SO ORDERED** this ___28th___ day of October, 2014.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA