UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| LATISHA LEAKS and BENJAMIN LEAKS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CV414-106 |
| TARGET CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

ORDER

In this slip-and-fall case plaintiffs filed a "motion to compel/motion to serve additional interrogatory." (Doc. 26.) The interrogatory reads: "State Target's understanding as to how the liquid on which Mrs. LaTisha Leaks slipped came to be on the floor." (*Id.* at 11.) Target insists it will not respond because the parties have already exceeded the "statutory limit" when subparts are counted, though it acknowledges that "the case law is somewhat ambiguous regarding counting subparts". (Doc. 30 at 2.)

Having reviewed the interrogatories, the Court finds that the vast majority do not include the kinds of subparts that violate the spirit of

the Fed. R. Civ. P. 33(a)(1) 25-interrogatory limit. (Doc. 30-1.) Furthermore, there are two plaintiffs and each is entitled to serve 25 interrogatories. Fed. R. Civ. P. 33(a)(1) (allowing every *party* to serve 25 interrogatories upon every other party). Defendant's contention that it need not respond to this one, highly relevant interrogatory on the basis that it exceeds the 25-interrogatory limit is frivolous. Consequently, plaintiffs' motion to compel (doc. 26) is **GRANTED**.

In addition to plaintiffs' motion, defendant has filed a motion to determine the reasonable deposition fees of plaintiffs' doctors. (Doc. 29.) Defendant asserts that $1,500 per hour is excessive when other orthopedic surgeons charge half that. (*Id.* at 2.) Plaintiffs take no position on the matter. (Doc. 32.)

According to the Federal Rules of Civil Procedure, "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Fed. R. Civ. P. 26(b)(4)(E). Defendant does not dispute that a fee should be paid, but it insists that $750.00 per hour is more in line with what is charged by qualified physicians in this community. It has submitted an affidavit from Dr. H. Clark Deriso, an orthopedic surgeon who has practiced in

the Savannah area since 1975, showing that he charges $750 per hour when deposed and that, in his opinion, $1,500 is excessive. (Doc. 29-4.)

A reasonable fee is within the Court's discretion. *E.g., Cruz v. Home Depot, USA, Inc.*, 2011 WL 4836239 (M.D. Fla. Oct. 12, 2011). Courts frequently consider the "the prevailing rates of other comparably respected available experts" in fixing a reasonable fee. *Putnal v. Guardian Life Ins. Co.*, 2005 WL 3532381 at *2 (M.D. Ga. Dec. 22, 2005) (internal quotation marks omitted)). Given that other highly qualified physicians charge substantially less than the rate sought by plaintiffs' specialists, the Court agrees that $1,500 per hour is excessive and that $750 per hour is reasonable in this market. Accordingly, defendant's motion (doc. 29) is **GRANTED**.

Finally, the parties' have jointly filed their third motion to extend the discovery period. (Doc. 33; docs. 12 & 28 (earlier discovery extension motions).) Discovery was initially set to expire on October 9, 2014. (Doc. 8.) On August 7, 2014, the Court extended the discovery period through December 9, 2014. (Doc. 13.) Then, it granted a second extension through February 9, 2015. (Doc. 31.) Having granted the parties an additional *four months* to complete discovery, the Court hand wrote on the second amended scheduling order that there would be "No

3

further extensions." (*Id.* at 2.)

Defendant states that it has deposed both plaintiffs and two of Mrs. Leaks' treating physicians, but it still needs to depose one treating physician. (Doc. 33 at 1.) Plaintiffs state that they still need to take the depositions of several employees. (*Id.*) Both parties represent that they need to schedule the depositions of their retained experts. (*Id.*) The parties offer no explanation for their failure to complete discovery over the past eight months. The Court, however, recognizes its own delay in addressing the parties' dispute regarding the single interrogatory discussed above. Accordingly, it will allow the parties 30 additional days (through March 11, 2015) to complete all outstanding discovery. All other remaining deadlines are also extended by 30 days.

**SO ORDERED,** this  30th   day of January, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA