# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

LATISHA LEAKS and BENJAMIN )
LEAKS, )
                                )
      Plaintiffs, )
                                )
v. )    Case No. CV414-106
                                )
TARGET CORPORATION, )
                                )
      Defendant. )

# **ORDER**

For the *third* time, this rather standard slip-and-fall case has spawned a discovery dispute. The current bickering involves a motion to quash and motion in limine from plaintiffs Latisha and Benjamin Leaks (respectively Ms. and Mr. Leaks), docs. 35 & 41, and motions to compel and to exclude from defendant Target. Docs. 36 & 38.

## I. BACKGROUND

Not quite two years ago, Ms. Leaks allegedly slipped at a Savannah, Georgia Target store and suffered back and knee injuries. Doc. 1-2 at 3. She sued Target in state court, and her husband joined her with a loss of consortium claim. Doc. 1-2 at 6. Target removed their case to this Court

on May 22, 2014. Doc. 1. Since then, the parties have requested, and the Court has granted, three[1] discovery deadline extensions. *See* docs. 13, 31, 34.[2] The most recent -- filed January 30, 2015 -- instructed the parties to "complete all outstanding discovery" by March 11, 2015 and called for motions by April 10, 2015. Doc. 34 at 4.

On March 10, 2015, Target issued five new subpoenas seeking production of documents to Blue Cross Blue Shield of Alabama (BCBS), Internal Medicine of Savannah, St. Joseph's/Candler Hospital, Walgreens Pharmacy, and Disability Adjudication Services (DAS). *See* doc. 35 at 8-47. Target sent the DAS subpoena because it "became aware that plaintiff had filed for disability on March 5, 2015," and the other four subpoenas to request "updated records related to plaintiff's ongoing treatment." *Id.* at 2. On March 16, 2015 -- five days after discovery

---

[1] Three is not a magic number in this case. For every discovery extension granted, a discovery dispute followed. *See* doc. 27 (order addressing dueling motions to compel and Target's motion for protective order); doc. 34 (motion to compel, motion to determine reasonable fees, motion to extend); doc. 35 (motion to quash); doc. 36 (motion to compel); doc. 38 (motion to exclude). Discovery is designed as a cooperative, self-executing mechanism, not a death-by-a-thousand-paper-cuts exercise.

[2] Still pending on the docket is a motion to amend the scheduling order. Doc. 33. The Clerk is **DIRECTED** to terminate that motion since the Court's January 30, 2015 Order granted the requested extensions. *See* doc. 34.

closed -- Target issued a sixth non-party subpoena to Proove Medical Laboratories, Inc. (Proove). *Id.* at 43.

Target also sent plaintiffs a request for production of documents seeking a records release authorization related to the DAS subpoena. Doc. 36-1. In response to plaintiffs' motion to quash all six subpoenas, doc. 35, and because plaintiffs have not yet produced the records release authorization, Target moved to compel that release. Doc. 36. It also moved to exclude plaintiffs' rebuttal expert. Doc. 38. Plaintiffs responded by filing their own motion to exclude one of Target's experts. Doc. 41.

## II. ANALYSIS

### A. Motion to Quash and Motion to Compel

Plaintiffs argue that all six subpoenas should be quashed because they violate the Court's latest scheduling order. Doc. 35 at 3. Target contends that they are timely because it served them the day before discovery closed and, in any case, that plaintiffs lack standing to challenge them. Doc. 36 at 4. Furthermore, Target says, the DAS and Proove subpoenas should be allowed regardless of timeliness because Ms. Leaks failed to disclose her disability benefits application and her

3

treatment by Proove, and Target did not discover either until March 5 (the disability application) and March 13, 2015 (the Proove treatment). *Id.* at 6-7.

Although true that (1) the Court ordered the parties to *complete* discovery by March 11, 2015, doc. 34 at 4, and (2) Target's subpoenas called for production of documents after that deadline, *see, e.g.*, doc. 35 at 36, the Court has broad discretion to allow or curtail the timing and reach of discovery. *See* Fed. R. Civ. P. 26(d); *Adkins v. Christie*, 488 F.3d 1324, 1331 (11th Cir. 2007) ("[D]istrict courts have broad discretion in fashioning discovery rulings . . . [but] are bound to adhere 'to the liberal spirit of the [Federal] Rules.'"); *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 678 (N.D. Ga. 2007) (Rule 26 gives district courts "broad discretion to modify the timing and sequence of discovery" and exercises of that discretion "will be sustained unless [the court] abuses [its] discretion to the prejudice of a party").

The subpoenas to BCBS, Internal Medicine, St. Joseph's Hospital, and Walgreens were second requests to those providers and sought updated records, not records for the first time. By sending them late in the discovery period, Target may simply have wished to extend its

4

discovery net to cover the greatest length of time possible. Or, it may simply have dropped the ball and forgotten to seek updated productions until the last minute, thinking that the providers had an obligation to supplement (they did not).[3] Regardless, the medical records sought unquestionably are relevant to Ms. Leaks' personal injury claim and the timing of the subpoenas does not prejudice plaintiffs. The Court therefore refuses to quash the subpoenas to BCBS, Internal Medicine, St. Joseph's Hospital, and Walgreens.

The subpoenas to Proove and DAS are somewhat different. Target only learned that Proove conducted genetic testing on Ms. Leaks after discovery ended, and only because BCBS records showed payment to Proove. *See* doc. 36 at 7. Target thereafter promptly subpoenaed the Proove records. *Id.* Plaintiffs say they had no idea Ms. Leaks' physician sent samples to Proove for testing, and thus they could not disclose what they did not know. Doc. 40 at 8-9. Regardless, plaintiffs want the Proove subpoena quashed because they believe it seeks irrelevant information. *Id.*

---

[3] As plaintiffs correctly note, only parties have an obligation to supplement their discovery responses. *See* Fed. R. Civ. P. 26(e). Third parties responding to subpoenas issued under Rule 45, like the providers here, do not. *See Alexander v. FBI*, 192 F.R.D. 37, 38 (D.D.C. 2000) (non-parties responding to subpoenas have no duty to supplement discovery responses).

The Court cannot discern whether Proove's testing is relevant to Ms. Leaks' alleged back injury without examining the records. One can speculate, as plaintiffs have, that genetic testing may have little to do with a herniated disk. But since (1) plaintiffs failed to disclose Proove's testing within the discovery period (albeit inadvertently), and (2) disclosure of the records will not prejudice plaintiffs (except insofar as they disprove plaintiffs' claims, which doesn't qualify as prejudice in any case), the Court will not quash the subpoena in light of the broad scope of discovery. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim."); *United States v. Capers*, 708 F.3d 1286, 1308 (11th Cir. 2013) ("Evidence is relevant if it has *any* tendency to make the existence of any fact or consequence more or less probably than it would be without the evidence.") (emphasis added).

The DAS subpoena presents yet another situation. It seeks:

> [a]ny and all monthly Social Security benefit amounts, monthly Supplemental Security Income payment amounts, information about benefits/payments received, information about Social Security claim/coverage, any and all medical records, application for benefits, denial of benefits, independent medical examinations, wage claim information and/or payments, office records, office cards, written memoranda, correspondence, medical bills, phone messages, and any other records pertaining to Latisha Leaks.

Doc. 35 at 38. Target's motion to compel is intertwined with the subpoena because it seeks the records release authorization from Ms. Leaks that DAS requires in order to produce records directly to Target. *See* doc. 36 at 8. Since Target served the subpoena and filed the motion to compel, however, plaintiffs have received Ms. Leaks' records from the Social Security Administration and produced them in full and without redactions. *See* doc. 42.

Nevertheless, Target has some reason to be wary of plaintiffs' production since they never actually disclosed Ms. Leaks' disability application. Target "only became aware [of the application] . . . on March 5, 2015, when it received updated records from Optim Healthcare." Doc. 36 at 2. Target wasted no time thereafter in subpoenaing records from DAS. *See* doc. 35 at 36 (subpoena dated March 10, 2015). Particularly given (1) the potential importance of such records in personal injury cases, and (2) Target's need to ensure a complete, accurate production of those records, the Court will not quash the DAS subpoena. Since the subpoena is useless without the records release authorization, the Court **DIRECTS** Ms. Leaks to provide that also.

## B. Motions to Exclude

One week after the motions deadline, Target moved to exclude Dr. David Cohen, because, Target alleges, "plaintiffs [offer him] as a causation expert rather than as a true rebuttal expert." Doc. 38 at 1. Plaintiffs disagree. Doc. 41. Plaintiffs, in turn, move to exclude one of Target's witnesses, Dr. Nicholas Arredondo, arguing that Target failed to timely disclose him as an expert. *Id.* at 2.

### 1. *Dr. Cohen*

Fed. R. Civ. P. 26(a)(2)(D)(ii) provides that a party must disclose expert witnesses "within 30 days after the other party's disclosure" if the expert testimony is "intended solely to contradict or rebut evidence on the same subject matter identified by [the other] party."

> Rebuttal expert reports "necessitate 'a showing of facts supporting the opposite conclusion' of those at which the opposing party's expert arrived in their responsive reports." *Bone Care Int'l, LLC v. Pentech Pharmaceuticals, Inc.*, 2010 WL 389444 (N.D.Ill. Sep. 30, 2010) (quoting *ABB Air Preheater, Inc. v. Regenerative Environmental Equip., Inc.*, 167 F.R.D. 668, 669 (D.N.J.1996)). Rebuttal expert reports are proper if they contradict or rebut the subject matter of the affirmative expert report. *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D.Haw.2008). They are not, however, the proper place for presenting new arguments. *1-800 Contacts, Inc. v. Lens. com, Inc.*, 755 F.Supp.2d 1151, 1167 (D.Utah 2010); *see LaFlamme v. Safeway, Inc.*, 2010 WL 3522378 (D.Nev. Sep. 2, 2010); *cf. Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 749, 759 (8th Cir.2006) ("The function of rebuttal testimony is to

explain, repel, counteract or disprove evidence of the adverse party.") (citation omitted). "If the purpose of expert testimony is to 'contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one." *Amos v. Makita, U.S.A.*, 2011 WL 43092 at * 2 (D.Nev. Jan. 6, 2011) (quoting In re Apex Oil Co., 958 F.3d 243, 245 (8th Cir.1992)); *see also Morgan v. Commercial Union Assur. Cos.*, 606 F.2d 554, 556 (5th Cir.1979); LaFlamme, 2010 WL 3522378 at * 3. Rather, rebuttal expert testimony "is limited to 'new unforeseen facts brought out in the other side's case.'" *In re President's Casinos, Inc.*, 2007 WL 7232932 at * 2 (E.D.Mo. May 16, 2007) (quoting *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir.1991)).

*Downs v. River City Grp., LLC*, 2014 WL 814303 at * 2-3 (D. Nev. Feb. 28, 2014).

Target timely disclosed two retained experts, including orthopedic surgeon H. Clark Deriso, M.D. Doc. 41 at 2. Deriso's expert report summarized Ms. Leaks' relevant medical history and his examination of her. Doc. 41-5 at 2-3. It did not contain Dr. Deriso's opinion on the cause of Ms. Leaks' back and knee pain. Nevertheless, plaintiffs' counsel, familiar with Deriso as a frequent defense expert, anticipated that he would testify that Ms. Leaks' fall did not cause her injuries. Doc. 41 at 2-3, 6. Plaintiffs thus hired Cohen to rebut Deriso's anticipated attack on causation. *Id.* at 3.

Cohen's report -- a mere eight sentences long -- does not discuss Deriso's report or address his examination findings. *Compare* doc. 41-5 (Deriso report) *with* doc. 41-6 (Cohen report); *cf. Teledyne Instruments, Inc. v. Cairns*, 2013 WL 5781274 at * 18 (M.D. Fla. Oct. 25, 2013) (expert rebuttal report mentioned opposing report more than thirty times and frequently quoted other report, and thus was "a bona fide rebuttal"). It does not impeach Deriso's conclusions (or discuss them at all). Instead, it discusses Cohen's own views on the cause of Ms. Leaks' injury. *See* Doc. 41-6 at 4 ("Chemical, as well as possibly physical irritation of the associated nerve root, resulting directly from this injury, have caused her chronic low back pain . . . ."). Although a reader can infer that the authors of the reports likely disagree on the cause of Ms. Leaks' injury (degenerative conditions vs. slip-and-fall), Cohen's report simply does not address the factual underpinnings of Deriso's and so cannot constitute a rebuttal within the meaning of Rule 26(a)(2)(A)(ii). *See Downs*, 2014 WL 814303 at * 3.

But that is not the end of the story for Cohen.

> Expert testimony which is not truly rebuttal in nature shall not be allowed at trial, unless the failure to disclose information required by Rule 26(a) was "harmless" or "substantially justified." Fed. R. Civ. P. 37(c)(1). The sanction of preclusion is "automatic and

mandatory unless the sanctioned party can show its violation . . . was either justified or harmless." *R & O Const. Co.* [*v. Rox Pro Int'l Grp., Ltd.*], 2011 WL 2923703 at * 2 (citing *Salgado v. General Motors Corp.*, 150 F.2d 735, 742 (7th Cir.1998))

*Id.* "The purpose of the Rule 26(a) disclosure requirements is to provide notice to opposing counsel as to what an expert witness will testify." *Silverstein v. Procter & Gamble Mfg. Co.*, 700 F. Supp. 2d 1312, 1320 (S.D. Ga. 2009) (citing *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008)). Consequently, "[a] party's failure to properly disclose an expert," including improper designation of an expert under Rule 26(a)(2)(D)(ii), "is harmless when no prejudice results to the opposing party." *Id.*

In *Silverstein*, this Court found no prejudice from a total failure to identify an expert because the opposing party knew the witness might be called "and, in fact, already took his deposition." *Id.* So too here. Target received notice that Dr. Cohen would be called and took his deposition on the penultimate day of discovery. *See* docs. 41 at 3; 41-7 (transcript of Dr. Cohen's deposition). At this point, whether or not Dr. Cohen in fact "rebuts" Dr. Deriso's testimony, Target cannot claim any surprise or lack of notice. Since Plaintiffs have shown that any error they committed in designating Dr. Cohen as a rebuttal expert under Rule

11

26(a)(2)(D)(ii) was harmless, the Court **DENIES** Target's motion to exclude. Doc. 38.

### 2. *Dr. Arredondo*

The most recent scheduling order required Target to disclose its experts by December 10, 2014. *See* doc. 31. Target disclosed two retained experts on December 9, 2014. Target has never disclosed Dr. Arredondo as an expert, though it deposed him on March 10, 2015.[4] Doc. 41 at 3. Plaintiffs argue the Court should exclude Dr. Arredondo because his designation violated the Scheduling Order and, further, Target's failure to designate was not harmless. *Id.* at 5. But Dr. Arredondo, it turns out, provided a second opinion on the genesis of Ms. Leaks' pain about two months prior to her filing suit in state court, doc. 41-8 at 3, yet plaintiffs never disclosed him to Target (much like Proove, Target discovered Dr. Arredondo while reviewing records produced by BCBS). Doc. 43. Target thus asks the Court to allow his testimony as a sanction for plaintiff's alleged Rule 26 violation. *See* doc. 43.

---

[4] Target says the deposition was on March 6, 2015. Doc. 43. This discrepancy is most curious, as the date a deposition occurred ought not be in dispute. Nevertheless, the precise date of the deposition is, in this case, irrelevant to whether Dr. Arredondo may testify.

As noted above, a failure to designate under Rule 26(a) is harmless if no prejudice resulted to the opposing party. *Silverstein*, 700 F. Supp. 2d at 1320. Plaintiffs state that "Target's failure to identify [Dr. Arredondo] as an expert prejudiced [them] because they were unable to identify a rebuttal witness to counter his testimony due to expiration of that deadline." Doc. 41 at 6. On the contrary, says Target, "[t]here was no unfair surprise to plaintiffs because they were aware of Dr. Arredondo and had access to Ms. Leaks' medical records from [his] treatment." Doc. 43 at 5.

Much as Target cannot claim surprise at Dr. Cohen, plaintiffs also cannot with Dr. Arredondo. And like Target with Dr. Cohen, plaintiffs had the chance to cross-examine Dr. Arredondo. That plaintiffs did not name a rebuttal witness does not show prejudice. Even if it did, the Court doubts that plaintiffs had no opportunity to do so, because for some time before his deposition, the parties discussed whether Target would disclose Dr. Arredondo as an expert. *See* doc. 3 at 3.

Both Target and plaintiffs may have violated Rule 26's expert disclosure requirements. But neither party was prejudiced by the other's failure. Rather than exclude evidence based on simple indignation (what,

in effect, both parties want the Court to do), the Court will exercise its broad discretion and allow both Dr. Cohen and Dr. Arredondo as experts. Plaintiffs' motion to exclude therefore is **DENIED**. Doc. 41.

## IV. CONCLUSION

Plaintiffs' motion to quash is **DENIED**, doc. 35, so Target's motion to compel production of Ms. Leaks' disability records release authorization is **GRANTED**.[5] Doc. 36. The Court **DIRECTS** Ms. Leaks

---

[5] When a court grants a motion to compel, Rule 37(a)(5) "require[s] the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Here, however, Target has not requested expenses or fees. To boot, some question exists whether Target conferred in good faith with plaintiffs regarding the release authorization. Failure to do so bars fee awards to the moving party. *See* Fed. R. Civ. P. 37(a)(5)(A)(i) (courts "must not order" an award of expenses if the movant fails to certify that it attempted to resolve the discovery issue in good faith). Hence, the Court will not award it expenses and fees despite granting the motion to compel.

Let this serve as a wake-up call to the parties, though. For too long both parties have played fast and loose with their discovery obligations, and it should stop now. Plaintiffs failed to disclose a health care provider (Dr. Arredondo) and a disability application, both of which are plainly responsive to Target's discovery requests. Target, on the other hand, flirted with violating Rule 37's requirement that the parties confer in good faith regarding discovery disputes. *See DirecTV, LLC v. Shirah*, 2013 WL 5962870 at * 2 (S.D. Ga. Nov. 6, 2013) (letters recounting perceived errors in an opposing parties' responses "does not meet the good faith effort standard"); *see also Limtiaco v. Auction Cars.Com, LLC*, 2012 WL 5179708 at * 3 (D. Nev. Oct. 17, 2012) (several letters identifying the perceived failings of the defendant's discovery responses did not constitute the necessary effort required by Rule 37); *Velazquez–Perez v. Developers Diversified Realty Corp.*, 272 F.R.D. 310, 312 (D.P.R. 2011) (emails and letters sent to defendant did not reveal that a good faith effort was made). And both parties' expert witness disclosures leave something to be desired. Moving forward, the parties should conduct themselves with a closer eye to the cooperative spirit embodied in the discovery rules. Should they come back to the Court with another discovery dispute, the prevailing party likely will be awarded

to provide the records release authorization within seven days of this Order's filing. The parties' dueling motions to exclude are both **DENIED**. Docs. 38, 41. Finally, the Clerk is **DIRECTED** to terminate the parties' motion to amend the scheduling order. Doc. 33. *See supra*, n 2. Because of the Court's delay in ruling on these motions, the parties have an additional 30 days from the date of this Order to file dispositive motions. Discovery, however, remains closed.

**SO ORDERED** this  6th  day of July, 2015.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

expenses and fees. And if both parties are at fault, they will be directed to pay a financial sanction to the Clerk of Court.